

# In the
# Court of Appeals
# Second Appellate District of Texas
# at Fort Worth

———————————————

No. 02-22-00042-CV

———————————————

DELYKEITHYIA TIFFANY ASBELL, Appellant

V.

OP SPE PHX1, LLC, Appellee

On Appeal from County Court at Law No. 1
Tarrant County, Texas
Trial Court No. 2021-006803-1

Before Wallach, J.; Sudderth, C.J.; and Walker, J.
Per Curiam Memorandum Opinion

## MEMORANDUM OPINION

Delykeithyia Tiffany Asbell appeals from the trial court's judgment in a forcible detainer action brought by Appellee OP SPE PHX1, LLC. Appellee has filed a motion to dismiss the appeal based on mootness, arguing that Asbell is no longer in possession of the property. To its motion, it attached a copy of the January 25, 2022 writ of possession issued by the court clerk and the constable's return showing execution of the writ on February 7, 2022 at 10:16 a.m.

Appellee prevailed in the justice court and in the trial de novo in the county court at law regarding its right to possession of the property. The county court's judgment awards possession and court costs but does not award damages or attorney's fees. *See Marshall v. Hous. Auth. of City of San Antonio*, 198 S.W.3d 782, 787 (Tex. 2006); *Ratliff v. Homes by Ashley, Inc.*, No. 02-20-00014-CV, 2020 WL 1057320, at *1 (Tex. App.—Fort Worth Mar. 5, 2020, no pet.) (mem. op.) (noting that a forcible-detainer appeal becomes moot upon an appellant's eviction from the property unless the appellant holds and asserts a meritorious claim of right to current, actual possession of the property or unless damages or attorney's fees remain at issue).

Asbell has not filed a response showing grounds for continuing the appeal. Accordingly, we grant the motion and dismiss the appeal because a present controversy no longer exists between the parties. *See* Tex. R. App. P. 42.3(a), 43.2(f); *State ex rel. Best v. Harper*, 562 S.W.3d 1, 6 (Tex. 2018) (stating that a court loses

jurisdiction when a case becomes moot); *Gillespie v. Erker*, No. 02-20-00331-CV, 2021 WL 733084, at *1–2 (Tex. App.—Fort Worth Feb. 25, 2021, no pet.) (mem. op.) (noting that the only issue in a forcible-detainer action is the right to actual possession of the property).

Per Curiam

Delivered: May 5, 2022